**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZBIGNIEW SOCHA, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiff*,

-against-

GARFIELD DEVELOPMENT CORP., 144
WEST 70TH STREET LLC., 146
DEVELOPMENT CORP., 225 W. 16 ST. CORP.,
864 W.E. CORP., 866-8 DEVELOPMENT
CORP., BRIDGES CREEK REALTY
COMPANY, L.L.C., CHELSEA EQUITIES LLC,
STRATA REALTY CORP., WEST SIDE
EQUITIES LLC., PETE COMAS and ALAN
GARFIELD,

*Defendants*.

--------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

ZBIGNIEW SOCHA ("Plaintiff" or "Socha") by and through his attorneys, REBISZ LAW

FIRM PLLC., bring this action on behalf of himself and others similarly situated employees of

Defendants and upon his knowledge and belief, and as against GARFIELD DEVELOPMENT

CORP., 225 W 16TH ST CORP., CHELSEA EQUITIES LLC., 146 DEVELOPMENT CORP., 144

WEST 70TH STREET LLC., WEST SIDE EQUITIES, LLC., BRIDGES CREEK REALTY

COMPANY, LLC., 864 W.E. CORP., 866-8 DEVELOPMENT CORP., STRATA REALTY CORP.

and ALAN GARFIELD., (collectively, "**Defendants**"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff now brings this action for unpaid overtime wages and minimum wages

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for

violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL") and related provisions

1

from Title 12 of the New York Codes, Rules and Regulations ("NYCRR"), including applicable

liquidated damages, interest, attorneys' fees, and costs along with related state and city law claims.

2.      Defendants own, operate, and/or control apartment buildings located in New York

City.

3.      Plaintiff was employed by the Defendants as a superintendent and construction

laborer starting on or about June 2006.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess

of 40 hours per week without appropriate overtime compensation for the hours he worked each

week over 40 hours and lawful minimum wage. By this action Plaintiff seeks to recover back pay

on behalf of himself and similarly situated employees and to enjoin defendants from further

violations of the FLSA.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff resides in this District and was

employed by Defendants in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7.      Plaintiff seeks certification of this action as a collective action on behalf of himself,

individually, and all other similarly situated employees and former employees of Defendants

pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these

claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

9.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt construction laborers and superintendents employed by Defendants in New York on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

10.      At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

11.      The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

12.      The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

13.      Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt construction laborers and superintendents employed by Defendants in New York on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

14.     At all relevant times, Plaintiff and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay overtime wages for all overtime hours worked. The claims of Plaintiff stated herein are essentially the same as those of Class Members.

15.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of the Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such facts being in the exclusive control of Defendants at present, there is no doubt that there are more than twenty (20) Class members in the Class.

17.     Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages for all overtime hours worked, in violation of both the NYLL.

18.     Defendants failed to provide proper wage notices and proper wage statements to Plaintiff and Class Members in violation of the NYLL.

19.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     The class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

22.     Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.  Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

      b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.  Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

e.  Whether Defendants paid Plaintiff and Class members overtime wages for all overtime hours worked;

f.  Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

g.  Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

## THE PARTIES

24.  Plaintiff Socha was at all times relevant hereto an individual residing in New York County, New York.

25.  Plaintiff Socha was employed by Defendants at the buildings owned and operated by Defendants from approximately June 2006 until February 28, 2023, and he was also regularly employed as a superintendent and construction laborer.

26.  Plaintiff suffered an injury on February 28, 2023 and has been on worker's compensation since that date.

27.  Plaintiffs wage claims herein were tolled from April 24, 2023, to August 5, 2023.

28.  Defendant **GARFIELD DEVELOPMENT CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

29.      Defendant **144 WEST 70TH STREET LLC.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 675 THIRD AVE SUITE 1606, NEW YORK, NY, UNITED STATES, 10017.

30.      Defendant **146 DEVELOPMENT CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

31.      Defendant **225 W. 16 ST. CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

32.      Defendant **864 W.E. CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

33.      Defendant **866-8 DEVELOPMENT CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

34.      Defendant **BRIDGES CREEK REALTY COMPANY, L.L.C.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

35.      Defendant **STRATA REALTY CORP.** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

36.     Defendant **WEST SIDE EQUITIES LLC** is a domestic corporation organized and exists under the laws of the state of New York. It maintains its principal place of business at 950 THIRD AVE #2604, NEW YORK, NY, UNITED STATES, 10022.

37.     Defendant **PETE COMAS** is an individual and resident of New York. Defendant Comas is the manager of GARFIELD DEVELOPMENT CORP. He was the direct supervisor of Plaintiff. His duties and responsibilities included hiring and firing employees, giving work-related orders to Plaintiff, supervising and controlling employee schedules, determining the rate and method of payment of employee wages, and maintaining employment records. As such Defendant Comas was in control of the company's operations and is thus personally liable for unpaid wages.

38.     Defendant **ALAN GARFIELD** is an individual and resident of  New York engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ALAN GARFIELD is sued individually in his capacity as an officer and/or agent of Defendant Corporations.

39.     Defendant ALAN GARFIELD possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

40.     Defendant ALAN GARFIELD had the power to hire and fire Plaintiff.

41.     Defendant ALAN GARFIELD was the general manager of Defendant Corporations and daily directed Plaintiff in his tasks.

42.     Defendant ALAN GARFIELD is an owner of the buildings upon which Plaintiff was regularly directed to work.

43.     Defendant ALAN GARFIELD controlled and monitored the rate and amount which Plaintiff was paid.

8

44.    Defendants are associated and joint employers, act in the interest of each other with respect to the buildings located at:

      i.   225 West 16th Street, New York NY 10011;

     ii.   341 West 22nd Street, New York NY, 10011;

   iii.   452 West 22nd Street, New York NY, 10011;

   iv.   144 West 70th Street, New York NY, 10023;

     v.   146 West 70th Street, New York NY, 10023;

   vi.   309 West 72nd Street, New York NY, 10023;

   vii.   202 West 81st Street, New York NY, 10024;

  viii.   854 West End Avenue, New York NY, 10025;

   ix.   856 West End Avenue, New York NY, 10025;

     x.   858 West End Avenue, New York NY, 10025;

   xi.   864 West End Avenue, New York NY, 10025;

   xii.   866 West End Avenue, New York NY, 10025;

  xiii.   868 West End Avenue, New York NY, 10025;

  xiv.   872 West End Avenue, New York NY, 10025

   xv.   201 West 108th Street, New York NY, 10025

The stated buildings will be collective referred to as the "**Garfield Properties**".

45.    Defendants share common operations, common promotional materials and acted jointly in the operation of the building located at the Garfield Properties.

46.    Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

47.     Defendants jointly employed Plaintiff employers within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

48.     In the alternative, Defendants constitute a single employer of Plaintiff.

49.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

50.     In each year from 2017 to 2023, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

51.     Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' employees handled and purchased for the business cleaning items and construction tools that originated out of state that were used in the servicing the buildings located at the Garfield Properties and other buildings operated by the Defendants, such as mops, bleach, power tools, garbage bags, flashlights, paint, ladders, bags, brooms, pails, road salt, shovels, spackle, plumbing tools, saw blades, screws, nails, primer, dry wall, trim lumber, tools, ammonia, Windex, glass, glaze, glue, chalk, rags, paper towels, vacuum cleaners, wrenches, plumbing snakes, power washers, duct tape, electrical tape, wires, catspaws, crow bars  and other cleaning supplies and construction equipment.

52.     Plaintiff was individually engaged in commerce by virtue of moving materials and package in interstate commerce on behalf of the entities.

*PLAINTIFF ZBIGNIEW SOCHA*

53.     Plaintiff has been employed by Defendants from approximately June 2005 until February 28, 2023 with an interruption from on or about April 2021 till on or about August 2021.

54.     On or about February 28, 2023, Socha suffered an injury while at work at one of the Garfield Properties and is currently on worker's compensation.

55.     Throughout his employment with defendants, Plaintiff ZBIGNIEW SOCHA was

employed as a superintendent and a construction worker at the Garfield Properties.

56.     Plaintiff was paid a monthly salary for his superintendent duties at three of the

Garfield properties and an hourly salary for his construction and renovation work at the Garfield

Properties.

**SUPERINTENDENT**

57.     From 2010 till February 28, 2023, ZBIGNIEW SOCHA was responsible for the

superintendent duties at three of the Garfield Properties; to wit, 146 West 70th Street, New York

NY 10023, 144 West 70 Street, NY New York 10023 and 309 West 72nd Street, New York NY

10023 ("Super Buildings").

58.     ZBIGNIEW SOCHA resides at 146 West 70th Street New York, NY.

59.     146 West 70th Street, New York NY 10023 and 144 West 70 Street, NY New York

10023 are adjacent to each other. However, 309 West 72nd Street, New York NY 1023023, is a

distance of more than 200 feet from the 146 West 70th Street New York NY property.

60.     Defendants paid Plaintiff a fixed monthly net salary of $854.40 for his

superintended duties from on or about January 2017 to April 2018. Defendants paid Plaintiff a

fixed monthly net salary of $1315 for his superintended duties from on or about April 2018.

Defendants paid Plaintiff a fixed monthly net salary of $1,078 for his superintended duties from

on or about February 2019 to on or about February 2023.

61.     Defendants directed Plaintiff ZBIGNIEW SOCHA to service tenant complaints and

issues at the Super Buildings.

62.     At the Super Buildings Plaintiff Socha was required to work between ten (10) to

twelve (12) hours per week, servicing tenant complaints and completing his super duties within

the Super Buildings including but not limited to cleaning, garbage collection, general repairs and otherwise worked as the on-call, on-duty worker during the nights and weekends.

63.    Defendants directly compelled Plaintiff to stay on-call for 24 hours from time to time at the Super Buildings.

64.    Plaintiff was required to perform traditionally non-janitorial services and duties at the Super Buildings as defined by New York Administrative Code § 27-2052; 12 NYCRR § 141-2.5(b).

65.    In addition to his duties at the Super Buildings Socha was also paid an hourly salary for construction and renovation work at the Garfield Properties.

**CONSTRUCTION LABORER**

66.    From on or about May 2017 till the first half of 2019 ZBIGNIEW SOCHA received an hourly wage of $42 per hour for his construction and renovation work. From on or about the first half of 2019 till on or about January 2020 ZBIGNIEW SOCHA received an hourly wage of $46 per hour. From on or about January 2020 till February of 2023, ZBIGNIEW SOCHA received an hourly wage of $53 per hour.

67.    Plaintiff ZBIGNIEW SOCHA regularly worked in excess of 40 hours per week with as many as 80 hours per week. The plaintiff was paid at his regular hourly rate and not paid overtime.

68.    Plaintiff was also not compensated at all for an average 2 hours each week for his time travelling from his home to the various job sites each week with the tools and materials required for the work.

69.     From approximately April 2017 until February 2021, Plaintiff Socha typically worked 5 to 7 days a week. From 2022 to 2023 he typically worked 5 days a week. Plaintiff typically worked:

a.  Mondays: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 9:00 P.M.

b.  Tuesday: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 9:00 P.M.

c.  Wednesday: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 9:00 P.M.

d.  Thursday: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 9:00 P.M.

e.  Friday: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 9:00 P.M.

f.  Saturday: From between 6:00 A.M. and 8:00 A.M. until between 6:00 P.M. and 7:00 P.M. (2017-2021) (2022-2023 Typical Day Off)

g.  Sunday: Typical Day Off

70.     Defendants employed various schemes to fail to pay Plaintiff his proper overtime wages.

71.     Defendants demanded that Plaintiff "save" his overtime hours and utilize these "saved" overtime hours during his vacation or sick time.

72.     Defendants provided Plaintiff with an apartment, paid for Plaintiff's gas expenses and tolls. Plaintiff paid for his own electric, cell phone and car insurance.

73.     Plaintiff purchased materials and supplies for the Garfield Properties and was reimbursed by the specific property owner where the work was completed.

74.     Plaintiff ZBIGNIEW SOCHA regularly handled goods in interstate commerce, such as cleaning supplies, construction material, paint, tools, mail, packages and deliveries and other supplies produced and originating from outside the state of New York.

75.     Plaintiff ZBIGNIEW SOCHA work was supervised, and his duties required neither discretion nor independent judgment.

76.     No proper notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

77.     Defendants never provided Plaintiff with each payment of wages an accurate and proper statement of wages, as required by NYLL 195(3).

78.     Defendants failed to provided Plaintiff ZBIGNIEW SOCHA all of the proper and complete notices in English and in Polish (Plaintiff ZBIGNIEW SOCHA's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

83.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

90.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

92. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

94. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage, including the NY Building Services Wage Order, to the extent applicable.

97. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

101.    Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

102.    Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

103.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

104.    Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency

of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful and malicious as to Plaintiff;

(e)      Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(j)      Enjoining Defendants from future violations of the NYLL;

(k)      Awarding Plaintiff damages for the amount of unpaid overtime wages, minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff damages including but not limited to liquidated damages and interest for violation of the timely pay provisions of the NYLL;

(n)      Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages, overtime wages and failure to timely pay shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(o)      Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(q)      An award of pre-judgement interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules § 5001-5004.

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: August 19, 2023
       Queens, New York

**Rebisz Law Firm, PLLC**

By:    */s/ Severyn Rebisz*_____
       Severyn Rebisz, Esq.
       Attorneys for Plaintiff
       58-26 Catalpa Ave.
       Ridgewood NY 11385
       (347) 486-4699