UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZBIGNIEW SOCHA, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

                                                                Plaintiff,

                          -against-

GARFIELD DEVELOPMENT CORP., 144 WEST 70TH
STREET LLC., 146 DEVELOPMENT CORP., 225 W. 16
ST. CORP., 864 W.E. CORP., 866-8 DEVELOPMENT
CORP., BRIDGES CREEK REALTY COMPANY,
L.L.C., CHELSEA EQUITIES LLC, STRATA REALTY
CORP., WEST SIDE EQUITIES LLC., PETE COMAS
and ALAN GARFIELD,

                                                               Defendants.
------------------------------------------------------------------------X

**PROPOSED JUDGEMENT**

1:23-cv-07372 (ER)

        **WHEREAS**, on April 12, 2024, defendants Garfield Development Corp., 144 West 70th Street LLC., 146 Development Corp., 225 W. 16 St. Corp., 864 W.E. Corp., 866-8 Development Corp., Bridges Creek Realty Company, L.L.C., Chelsea Equities LLC, Strata Realty Corp., West Side Equities LLC., Pete Comas and Alan Garfield ("Defendants"), extended, in accordance with Rule 68 of the Federal Rules of Civil Procedure, an offer to allow judgment in this action to be taken against Defendants and in favor of plaintiff Zbigniew Socha ("Plaintiff") in the amount of Ninety Thousand Dollars and Zero Cents ($90,000), inclusive of all damages, liquidated damages, pre-judgment interest, post-judgment interest, unpaid back wages, spread of hours pay, statutory penalties, statutory interests, and attorneys' fees, costs, and expenses through the date of the offer, along with others terms set forth in the offer [ECF 28]; and

        **WHEREAS**, on or about April 12, 2024, Plaintiff accepted Defendants' offer and filed an executed Notice of Acceptance of same [ECF 28];

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**THAT** Plaintiff Zbigniew Socha has judgment against defendants Garfield Development Corp., 144 West 70th Street LLC., 146 Development Corp., 225 W. 16 St. Corp., 864 W.E. Corp., 866-8 Development Corp., Bridges Creek Realty Company, L.L.C., Chelsea Equities LLC, Strata Realty Corp., West Side Equities LLC., Pete Comas and Alan Garfield in the amount of Ninety Thousand Dollars and Zero Cents ($90,000), which is inclusive of all damages, liquidated damages, pre-judgment interest, post-judgment interest, unpaid back wages, spread of hours pay, statutory penalties, statutory interests, and attorneys' fees, costs, and expenses through April 12, 2024;

**THAT** except for the personal injury claims asserted in the action pending in the Supreme Court of the State of New York, County of New York, captioned *Zbigniew Socha v. West End Avenue Equities, LLC*, Index No. 154504/2023 and Plaintiff's Worker's Compensation Case No. 74030933, both of which arise out of an alleged accident that occurred on February 28, 2023 (the "Exempted Claims"), Plaintiff and Defendants discharge each other and their respective past, present, and future officers, directors, members, managers, employees, stockholders, shareholders, parent entities, subsidiary entities, insurers, and the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, each in their capacity as such, from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto from the beginning of time to the date that judgment is entered. This mutual release shall in no way prohibit any party from participating in, defending, or responding to requests for information from any government entity in connection

with the Exempted Claims. However, nothing is intended to, or shall, waive or release: (i) any claim plaintiff may have under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (ii) any claim, suit and/or right Plaintiff may have for unemployment insurance or workers' compensation benefits (including but not limited to any pending Worker's Compensation Claims); (iii) any claim or right that may arise from an event occurring after the acceptance of this Offer of Judgment; (iv) any claim or right Plaintiff may have under this Offer of Judgment; (v) any claim that is not otherwise waivable under applicable law; (vi) any right to file a charge with, or participate in a proceeding before any federal, state or local agency responsible for enforcing discrimination laws, provided, however, Plaintiff shall not be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated, and further waives any rights or claims to any payment, benefit, attorneys' fees or other remedial relief in connection any agency charge, investigation, or proceeding; and (vii) any claim or right Plaintiff may have for lost or stolen items strictly against employees Nazarii Sukharskyi and Jaroslaw Skornicki;

**THAT** Plaintiff shall immediately withdraw his NYC Human Rights Commission Complaint No. 1-1-6382779 CCHR and represents that other than the claims asserted in this action, the Exempted Claims, and the aforementioned CCHR claim and claim for lost or stolen items, he is not presently aware of any other existing claims or potential claims against any defendant in this action;

**THAT** Plaintiff waives Plaintiff's rights to any claim of interest on the amount of the judgment for 60 days after which point interest at 9% per annum will accrue;

**THAT** Defendants shall pay one-third of the Judgment amount directly to Plaintiff's attorney as attorneys' fees and, of Plaintiff's remaining share, one half shall be paid by check made

payable to Zbigniew Socha subject to applicable taxes and withholdings as wages reportable on IRS Form W-2, and the other half will be paid by check made payable to Zbigniew Socha without withholdings as non-wage liquidated damages reportable on IRS Form 1099; and

**THAT** Plaintiff or his counsel shall execute and file a satisfaction of judgment within five days after receipt of the payment of the judgment from Defendants.

Dated: April ___, 2024

**SO ORDERED.**

_____
**HON. EDGARDO RAMOS, U.S.D.J.**